Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (#254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiffs,
RON MCGOWAN & SUNNY MCGOWAN

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON MCGOWAN, an individual, and SUNNY MCGOWAN, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>GARY ZAMBRANO, an individual; CHRISTOHER GANAHL, an individual; TEMESCAL FINANCIAL SERVICES, a business entity, form unknown; ASSETT RECOVERY SOLUTIONS, a business entity, form unknown; STANTON, SMITH, WARNER AND ASSOCIATES, a business entity, form unknown; BRADFORD CAPITAL MANAGEMENT GROUP, a business entity, form unknown; FULLERTON CAPITAL GROUP, INC.; and DOES 1-25, inclusive;<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.**<br>2. **FEDERAL FAIR CREDIT REPORTING ACT**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>4. **INSTRUSION UPON PRIVACY** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, RON MCGOWAN and SUNNY MCGOWAN, by and through their attorneys of record, hereby complain and allege as follows:

## INTRODUCTION

1.     Plaintiffs, by and through their attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendants in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p ("Federal FDCPA"), the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA"), and the State of California torts of Intentional Infliction of Emotional Distress and Intrusion Upon Privacy.

2.     Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4.     This action arises out of Defendants' violations of the Federal FDCPA and the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k.

5.     The District Court has supplemental jurisdiction over the State of California tort causes of action pursuant to 28 U.S.C. § 1367(a) as they arise from the same set of facts and circumstances as those giving rise to the federal statutes identified

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  above.

2      6.     Because Defendants are all physically present within the City of Laguna

3  Niguel, County of Orange, and regularly conduct business within the State of California

4  by purposefully contacting California residents for purposes of debt collection, personal

5  jurisdiction is established.

6      7.     Venue in this District is proper pursuant for the following reasons: (i)

7  Plaintiffs reside in the County of Riverside, State of California, which is within this

8  judicial district; (ii) the conduct complained of herein occurred within this judicial

9  district; and, (iii) Defendants have purposefully conducted business within this judicial

10  district at all times relevant.

11                          **PARTIES & DEFINITIONS**

12      8.     Plaintiffs are presently unaware of the true names and capacities of the

13  Defendants sued herein as DOES 1-25, inclusive, and therefore sue said Defendants

14  under such fictitious names.  Plaintiffs will amend this Complaint to allege the true

15  names and capacities of such fictitiously named Defendants when the same have been

16  ascertained.  Plaintiffs are also informed and believe, and based thereon allege, that

17  each of the fictitiously named Defendants is responsible in some manner for the

18  occurrences, acts, or omissions alleged herein, and that Plaintiffs' damages were

19  proximately caused by their conduct.  Hereinafter, all Defendants, including DOE

20  Defendants, will sometimes be referred to collectively as "Defendants."

21      9.     Plaintiffs, as natural persons allegedly obligated to pay a consumer debt to

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   Defendants, alleged to have been due and owing, are therefore both a "consumer" as

2   that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

3         10.    Defendants alleged that they were trying to collect from Plaintiff SUNNY

4   MCGOWAN upon a defaulted Wells Fargo checking account fee that, in reality,

5   Plaintiff RON MCGOWAN allegedly incurred 8 years ago, the checking account for

6   which RON MCGOWAN opened and maintained for personal and household finances.

7   Therefore, Plaintiffs are informed and believe that the money alleged to be owed to

8   Defendants originated from monetary credit that was extended primarily for personal,

9   family, or household purposes, and is therefore a "debt" as that term is defined by 15

10   U.S.C. § 1692a(5) of the FDCPA.

11         11.    Plaintiffs are informed and believe that Defendants utilize the

12   instrumentalities of interstate commerce and the mails in a business for which the

13   principal purpose is the collection of any debts; regularly collect or attempt to collect,

14   directly or indirectly, debts owed or due or asserted to be owed or due another or

15   themselves; and are therefore "debt collectors" within the meaning of 15 U.S.C. §

16   1692a(6) of the FDCPA.

17         **<u>FACTUAL ALLEGATIONS</u>**

18         12.    Plaintiffs are both honest, hardworking, law abiding citizens.

19         13.    Plaintiff SUNNY MCGOWAN is a 37-year old kindergarten teacher, and

20   has been employed as a grade school teacher since the year 2000.

21         14.    Plaintiff RON MCGOWAN is a 40-year old peace officer, and has been so

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    employed for approximately 20 years.

2         15.    Plaintiffs have two children together, ages 10 and 13.

3         16.    Upon information and belief, Defendant GANAHL is the primary operator

4    of multiple business entities that engage in unlawful and fraudulent debt collection

5    activity.  Namely, Defendant TEMESCAL FINANCIAL SERVICES ("TEMESCAL"),

6    Defendant ASSETT RECOVERY SOLUTIONS ("ASSET"), Defendant STANTON,

7    SMITH, WARNER AND ASSOCIATES ("STANTON"), Defendant BRADFORD

8    CAPITAL MANAGEMENT GROUP ("BRADFORD"), and Defendant FULLERTON

9    CAPITAL GROUP, INC. ("FULLERTON") all represent, assist or claim to assist in

10   debt collection in association with Defendant, GANAHL who engages in unlawful debt

11   collection.

12        17.    At all times mentioned in this Complaint, Defendant GANAHL was and is

13   the alter ego of Defendants, TEMESCAL, ASSET, STANTON, BRADFORD, and

14   FULLERTON; and at all times herein mentioned there existed such a unity of interest

15   in ownership between GANAHL and Defendants, TEMESCAL, ASSET, STANTON,

16   BRADFORD, and FULLERTON such that any separateness has ceased to exist

17   between them because they have all assisted GANAHL in engaging and operating an

18   illegal and unlawful debt collection scheme, and have commingled and used the assets

19   of one another for the benefit of GANAHL and have caused the assets of said entities to

20   be transferred to GANAHL without adequate consideration; who has also exercised

21   complete dominance and control over said entities, and their properties, such that the

5
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    foregoing entities are mere shells and instrumentalities for the conduct of the personal

2    business and activities of GANAHL.

3        18.    Adherence to the fiction of a separate existence of Defendants

4    TEMESCAL, ASSET, STANTON, BRADFORD, and FULLERTON would sanction

5    fraud and permit an abuse of the legal benefits of true limited liability companies and

6    corporations.

7        19.    Plaintiffs allege that GANAHL is therefore personally liable for any

8    judgement hereunder obtained against Defendants TEMESCAL, ASSET, STANTON,

9    BRADFORD, and FULLERTON.

10       20.    Defendant GANAHL operates each of these false business entities out of

11   his residence located at 28502 Las Arubas, City of Laguna Niguel, State of California.

12       21.    Defendant GANAHL has registered with the Secretary of State this Las

13   Arubas address as the physical location for himself as the agent for service of process

14   for Defendant BRADFORD.

15       22.    Defendant GANAHL has also registered with the Secretary of State

16   himself as agent for service of process for Defendant FULLERTON, but albeit at a

17   different physical address.

18       23.    Defendant GANAHL has also listed this Las Arubas address as the

19   physical location for both Defendant ASSET and Defendant STANTON on an

20   application for a post office box at the UPS Store, 27068 La Pas Road in the City of

21   Aliso Viejo, State of California, and used both his California Driver's License and

1    Kaiser medical insurance card as proof of his identification.

2        24.    Defendant GANAHL has also has also listed this Las Arubas address as

3    the physical location for Defendant TEMESCAL on an application for a post office box

4    at the Postal Annex located at 387 Magnolia Ave, Suite 103, Box 441 in the City of

5    Corona, State of California, and used both his California Driver's License and Kaiser

6    medical insurance card as proof of his identification.

7        25.    Mail addressed to Defendant TEMESCAL has been confirmed as being

8    placed in the Postal Annex box number 441.

9        26.    Upon information and belief, Defendant GANAHL uses the registered

10   corporate structure of Defendant BRADFORD and Defendant FULLERTON as a

11   means of funneling all illegally-obtained funds obtained by and through the false

12   entities of STANTON and ASSETT.  In effect, Defendant GANAHL and his shell

13   entities commit conversion of illegally obtained funds by utilizing BRADFORD and

14   FULLERTON to "wash" the illegally obtained money of STANTON and ASSETT.

15       27.    Upon information and belief, Defendant ZAMBRANO, is the owner of the

16   real estate property on Las Arubas and is aware of, and has ratified, authorized, and

17   assists Defendant GANAHL's unlawful conduct undertaken on his property, with

18   knowledge that the funds received by Defendant ZAMBRANO from Defendant,

19   GANAHL are the results of unlawful debt collection based on false presents and

20   extortion resulting in a Fraudulent Transfer and Constructive Trust of funds that

21   GANAHL has illegally obtained and is hiding with ZAMBRANO for safe keeping.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

28. Plaintiffs are therefore informed and believe, and thereon allege, that each individual Defendant was acting as an agent of the other named Defendants in this action, and therefore, each Defendant can be held responsible and is vicariously liable for the conduct of the other named Defendants and vice versa.

29. Upon information and belief, Defendant GANAHL also utilizes the services of others to assist him in making debt collection phone calls in an attempt to obtain money from unsuspecting consumers. The names of the individuals who assist GANAHL in this fraudulent enterprise have not yet been determined and each will be brought in as a DOE Defendant when they are identified.

30. On February 1, 2016, Plaintiff SUNNY was contacted by the school's Principal and was informed that someone identified as "Dale Wright" just called the school and informed the Headmaster that SUNNY was avoiding them from serving her with a debt collection lawsuit in which she is named as the Defendant.

31. "Dale Wright" claimed to be a "private courier" calling on behalf of the law firm of STANTON SMITH WARNER & ASSOCIATES, which is a false claim because such a law firm does not exist.

32. "Dale Wright" left a phone number and a "complaint" number for the Headmaster to give to SUNNY for her to return the message.

33. "Dale Wright" claimed to the Headmaster that he had been trying to contact SUNNY at home but that she has refused to cooperate, which was an absolutely false claim since no-one had tried to contact SUNNY at her home regarding this matter.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

34.     As a result, SUNNY immediately became emotional in front of her kindergarten class, her supervisor, and her co-workers, and she remained in this state of confusion, panic, and distress while she called her husband RON to brief him on what transpired.

35.     SUNNY had never given permission for anyone, let alone any of these Defendants, to discuss any of her debts or financial information with any third party.

36.     At no point did a court of competent jurisdiction give any third party to communicate with SUNNY's employer about any alleged debt or finances for SUNNY.

37.     SUNNY was thereafter unable to return to her teaching duties, and she stayed in the Principal's office for several hours crying and worrying about what was going to happen to her career and her reputation now that this (false) information had just been conveyed to her administration and supervisor.

38.     After being contacted by SUNNY, Plaintiff RON called the number left by "Dale Wright" (855-346-4538).

39.     Upon information and belief, Defendant GANAHL was the one who called and claimed to be "Dale Wright."

40.     Defendant GANAHL uses fake names in order to hide his true identity so as to avoid lawful responsibility for the criminal and unlawful conduct that he engages in with full understanding and knowledge that such conduct is illegal and unlawful.

41.     During this initial phone call placed by RON, someone claiming to be "Robert Brooks" answered the phone as "Smith Warner and Associates".

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

42.     Upon information and belief, Defendant GANAHL was the one who answered the call and claimed to be "Robert Brooks."   This is another false impersonation that GANAHL engages in as part of his scheme to avoid liability and provide the false impression that he is operating a lawful debt collection business.

43.     Also during this phone call, "Robert Brooks" asked RON to give him the "complaint" number for reference, and "Robert Brooks" claimed that they were contacting SUNNY in reference to a "breach of contract" that resulted from a debt that is owed to Wells Fargo for an overdrawn checking account in the amount of $1,960.13.

44.     Thereafter, "Robert Brooks" asked if RON was ready to settle the debt. RON told "Brooks" that he, RON, was actually the account holder on the checking account in question, and that it had been closed approximately 7-8 years ago.  RON also told "Robert Brooks" that this was the 4th time he has disputed this debt with different debt collectors.

45.     RON confirmed with "Brooks" that they had the correct address of Plaintiffs' residence, even though we have never received correspondence from their office.

46.     "Brooks" also admitted to RON that a lawsuit had not been filed in any county.

47.     After this phone call, RON has since confirmed that the checking account in question was actually closed in 2006, and therefore any legal ability to pursue judgment thereupon has long since been barred by statute of limitations.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

48.     On February 3, 2016, RON called the number back again, and again spoke with "Robert Brooks" who answered the phone as "Smith Warner and Associates".

49.     Again, Plaintiffs are informed and believe that Defendant GANAHL is the one who answered the phone and claimed to be "Robert Brooks".

50.     This time, RON requested a letter on "Smith Warner and Associates" letterhead validating the alleged debt, and also asked where payment would be sent if someone desired to do so.  GANAHL acting as "Robert Brooks" gave to RON the post office box information at the UPS Store, 27068 La Pas Road in the City of Aliso Viejo, State of California, and instructed RON to make a check payable to "FULLERTON".

51.     RON inquired as to who "FULLERTON" was, and "Brooks" claimed that "FULLERTON" is the client of "STANTON" and that any check made payable to "FULLERTON" would be deposited by "STANTON" for "STANTON" to take their cut and then pay the balance to "FULLERTON".

52.     When RON asked how "STANTON" could deposit a check made payable to "FULLERTON", "Brooks" got flustered and responded by falsely claiming "I don't know I just work here", when in reality he owned and operated the fake entity and only made such statements to avoid lawful responsibility for what he knew to be conduct that amounted to extortion, unfair business practice, as well as a violation of the Federal Debt Collection Laws.

53.     RON then asked if "STANTON" is a law firm or a collection agency, and "Brooks" responded, "We are a collection law firm", with the knowledge that such

1  statements is false because there is no such law firm called "STANTON SMITH

2  WARNER AND ASSOCIATES."

3      54.    Promptly after this phone call, "Robert Brooks" emailed to RON a letter on

4  "Smith Warner and Associates" letterhead, dated February 3, 2016 and signed by

5  "Robert Brooks" and addressed to SUNNY.

6      55.    A true and correct copy of this letter is attached hereto, and referenced

7  herein, as **EXHIBIT A**, but with Plaintiff's residential address and the checking

8  account number being redacted.

9      56.    This letter identifies the Wells Fargo checking account in question, and

10  claims that "Smith Warner and Associates" is "prepared to offer a legal settlement" and

11  requests that the payment be made by postdated debit card, credit card, or check.

12      57.    This letter also claims that the "offer" will be "null and void" if payment is

13  not received on the terms demanded.

14      58.    This letter also claims that "Smith Warner and Associates" will "release"

15  SUNNY from "all claims and liabilities" once the funds have cleared.

16      59.    This letter is the first written communication from Defendants, and it does

17  not, contain the disclosures required by 15 U.S.C. 1692g to inform Plaintiffs of their

18  right to dispute the debt within 30 days.

19      60.    On February 4, 2016, RON called the same number for which he had been

20  using to contact "Brooks", "Wright", and "STANTON", and this time RON asked to

21  speak with "Chris Ganahl". RON was eventually transferred to a guy who answered

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

and identified himself as "Chris", and RON asked if the person was "Chris Ganahl", to which the person replied "Yes."

61.     Thereafter, later in the day on February 4, 2016, RON received another call from "Robert Brooks" who asked if RON was prepared to pay the "settlement offer" amount, and RON said no.  In response, "Brooks" told RON "good luck in court" and threatened to pursue this debt to the "fullest extent of the law with an attorney".

62.     Not once during any phone call did "Brooks" or "GANAHL" ever inform RON that they were a debt collector attempting to collect a debt, as is required by 15 U.S.C. 1692e(11).  Moreover, never did GANAHL come clean and inform Plaintiffs the truth that he was actually operating a fake and illegal debt collection operation that regularly engages in false threats and extortion in order to get innocent consumers to pay them for debts that are not owed, can't be enforced, or settled in full.

63.     As a result of Defendants' egregiously oppressive conduct by lying about being a collection law firm, lying about pursing legal action on a debt that has been barred by the statute of limitations for several years, and by informing SUNNY's principal about the alleged debt, Plaintiffs have both suffered significant mental distraught by way of loss of sleep, anxiety, nervousness, fear, feelings of hopelessness and despair, and SUNNY broke down into hysterical crying fits and was unable to return to her classroom to teach her kindergarten students.

64.     Plaintiff RON has also been unable to focus on his duties as a peace officer, which is immensely troubling considering that he regularly works on serious

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  felony prosecutions.

2      65.    Defendant GANAHL and Defendant FULLERTON were both the subject

3  of a lawsuit in the year 2014 in the matter of *Helvenstine vs. Fullerton Capital Group,*

4  *Inc.; and Christopher Ganahl, 8:14-cv-02057*, which alleged very similar conduct as

5  that suffered by Plaintiffs herein, such that debt collection calls were placed to

6  Helvenstine's employer to (falsely) inform the employer that Helvenstine was the

7  subject of a debt collection lawsuit that, in reality, had already been paid off and was

8  not legally enforceable.

9      66.    It has also been discovered that GANAHL is connected with a website that

10  teach individuals how to create false identities for the purposes of surreptitious illicit

11  activity.

12      67.    Upon information and belief, GANAHL has for years been engaging in

13  criminal conduct by way of falsely threatening consumers with lawsuits if they do not

14  provide him with financial payments.

15      68.    In February of 2016, Plaintiffs discovered that on January 27, 2016,

16  Defendant GANAHL utilized the fake business entity of TEMESCAL FINANCIAL

17  SERVICES to conduct an inquiry upon the consumer credit file of SUNNY in order to

18  obtain her employment and contact information for the purpose of contacting her in an

19  effort to extort money from her through Defendants' fraudulent debt collection

20  business.

21      69.    As a result of discovering the inquiry conducted by GANAHL through the

14
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

false business entity TEMESCAL, SUNNY and RON have experienced the feeling that their private personal information is not safe and is at risk of being stolen by GANAHL for his illicit purposes, and have felt that their privacy has been severely violated.

70.     There is no legitimate business purpose for GANAHL or TEMESCAL obtaining SUNNY's private information for the purpose of engaging in criminal conduct with her as the victim.

71.     Upon information and belief, this hard inquiry upon SUNNY's personal consumer credit file also acts as a negative factor upon her consumer credit score.

**FIRST CAUSE OF ACTION**
**ON BEHALF OF BOTH PLAINTIFFS**
**AS AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY**
**(VIOLATIONS OF FDCPA)**
**15 U.S.C. §§ 1692-1692p**

72.     Plaintiffs re-allege and incorporate by reference the above paragraphs, as though set forth fully herein.

73.     By claiming to SUNNY's Headmaster that she is a Defendant in a debt collection lawsuit, and this communication to a third party was without prior consent or the express permission of a court of competent jurisdiction, and was not reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

U.S.C. § 1692b.  By making said communication to a third party, Defendants therefore violated 15 U.S.C. § 1692c(b) of the FDCPA.

74.     By failing to include in the first written communication, dated February 3, 2016, notification of Plaintiffs' dispute rights within 30 days, Defendants have therefore violated 15 U.S.C. § 1692g of the FDCPA.

75.     By lying about being a law firm that doesn't actually exist, Defendants have therefore violated 15 U.S.C. § 1692e, and 1692e(3) of the FDCPA.

76.     By failing to indicate in each phone call that the communication is from a debt collector attempting to collect a debt, Defendants have therefore violated 15 U.S.C. 1692e(11) as such a disclosure is required in every communication in an attempt to collect a debt.

77.     By repeatedly threatening to pursue legal action against Plaintiffs on a debt that is barred by statute of limitations, and Defendants did so without actually having the intention or legal ability to pursue such legal action, Defendants committed the following violations of the Federal FDCPA:

    a.  Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

    b.  Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

16

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

c.  Falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

d.  Falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

e.  Used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

f.  Uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

g.  Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

78.   Defendants' overall conduct in this matter amounts to conduct the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt, and Defendants therefore violated 15 U.S.C. § 1692d of the FDCPA.

79.   Defendants' conduct is willful, as Defendants GANAHL and FULLERTON have been subjected to previous lawsuits for violations of the FDCPA concerning very similar conduct.

80.   As a result of each and every violation of the FDCPA, Plaintiffs are

17

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages

2   in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable

3   attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every

4   Defendant, jointly and severally.

**SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF SUNNY**
**AS AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY**
**(VIOLATIONS OF FCRA)**
**15 U.S.C. §§ 1681q**

81.     Plaintiffs re-allege and incorporate by reference the above paragraphs, as though set forth fully herein.

82.     Defendants violated 15 U.S.C. § 1681q of the Federal FCRA when they knowingly and willfully obtained information on Plaintiff SUNNY's personal credit report under false pretenses by representing themselves as a creditor and/or debt collector but in reality intended to extort money from SUNNY through lies and fraud.

83.     In February 2016, Plaintiffs discovered that on January 27, 2016, Defendant GANAHL utilized the fake business entity of TEMESCAL FINANCIAL SERVICES to conduct an inquiry upon the consumer credit file of SUNNY in order to obtain her employment and contact information for the purpose of contacting her in an effort to extort money from her through Defendants' fraudulent debt collection business.

84.     As a result of discovering the inquiry conducted by GANAHL through the false business entity TEMESCAL, SUNNY and RON have experienced the feeling that

18
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   their private personal information is not safe and is at risk of being stolen by GANAHL

2   for his illicit purposes, and have felt that their privacy has been severely violated.

3       85.   There is no legitimate business purpose for GANAHL or TEMESCAL

4   obtaining SUNNY's private information for the purpose of engaging in criminal

5   conduct with her as the victim.

6       86.   Civil liability and a private right of action under 15 U.S.C. §§ 1681n and

7   1681o exist against one who violates Section 1681q of the Federal FCRA, as held in

8   *Comeaux v. Brown Williamson Tobacco Co.* (9th Cir. 1990) 915 F.2d 1264, 1273 and

9   *Hansen v. Morgan* (9th Cir. 1978) 582 F.2d 1214, 1221.

10                    **THIRD CAUSE OF ACTION**
                  **ON BEHALF OF BOTH PLAINTIFFS**
11       **AS AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY**
              **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
12

13      87.   Plaintiffs repeat, re-allege, and incorporate by reference all other

14   paragraphs, as if fully set forth herein.

15      88.   "A cause of action for intentional infliction of emotional distress exists

16   when there is '(1) extreme and outrageous conduct by the defendant with the intention

17   of causing, or reckless disregard of the probability of causing, emotional distress; (2)

18   the plaintiff's suffering severe or extreme emotional distress; and (3) actual and

19   proximate causation of the emotional distress by the defendant's outrageous conduct.'

20   A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds

21   of that usually tolerated in a civilized community.' And the defendant's conduct must

19
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

be 'intended to inflict injury or engaged in with the realization that injury will result.' " (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050—1051 [95 Cal.Rptr.3d 636, 209 P.3d 963]).

89.  Plaintiffs are informed and believe, and on that basis alleges, Defendants' conduct as heretofore described was intended to cause Plaintiffs severe emotional distress in order to force them to pay money to which Defendants are not entitled.

90.  Defendants' conduct as heretofore described exceeded all bounds tolerated by a decent society, as a reasonable person could not possibly claim that Defendants' conduct in lying about being a law firm and lying about pursuing legal action against Plaintiffs would be accepted and tolerated by a decent society.

91.  Plaintiff SUNNY was falsely threatened with legal action when Defendants called her administration at school and told them that SUNNY is a defendant in a debt collection lawsuit and she has been dodging their attempts at service.

92.  Plaintiff RON was falsely threatened with legal action when Defendants told him "Good luck in court" when RON informed Defendants that he was not paying them any money.

93.  Defendants' conduct in fact caused severe emotional distress to Plaintiffs in that SUNNY broke down in panics, hysterics, and crying fits in the Principal's office and was unable to return to her teaching duties, and both Plaintiffs have struggled with bouts of anxiety, humiliation, fear, nervousness, loss of sleep, feelings of hopelessness

1    and despair, and stress as a result of the egregiously offensive conduct.

2          94.    Plaintiffs are further informed and believe that the aforesaid conduct was

3    malicious and oppressive, as those terms are defined by California Civil Code sections

4    3294(c)(1) and 3294(c)(2), entitling Plaintiffs to punitive damages.

5                          **FOURTH CAUSE OF ACTION**
                     **ON BEHALF OF PLAINTIFF SUNNY**
6      **AS AGAINST ALL DEFENDANTS JOINTLY AND SEVERALLY**
                     **(INTRUSION UPON PRIVACY)**
7

8          95.    Plaintiffs repeat, re-allege, and incorporate by reference all other

9    paragraphs, as if fully set forth herein.

10         96.    Pursuant to *Hernandez v. Hillsides, Inc.* (2009) 47 Cal. 4th 272, 286, a

11   private cause of action exists for a violation of one's privacy.

12         97.    Plaintiffs have a reasonable expectation of privacy in their personal credit

13   file, which society is prepared to accept as reasonable, as federal law only permits access

14   to such information for very specific, limited, legitimate business purposes, and for which

15   extortion and criminal fraud are not acceptable purposes.

16         98.    Plaintiffs also have a reasonable expectation of privacy in their places of

17   employment, as society would not tolerate a criminal contacting one's employer to lie and

18   falsely claim that the person is the subject of a false debt collection lawsuit.

19         99.    As a result of discovering the credit file inquiry conducted by GANAHL

20   through the false business entity TEMESCAL, and as a result of Defendants contacting

21   SUNNY's place of employment to utter lies and false statements with the purpose of

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

forcing her into paying money to which Defendants are not entitled, SUNNY and RON have experienced the feeling that their private personal information is not safe and is at risk of being stolen by GANAHL for his illicit purposes, and have felt that their privacy has been severely violated.

100.   Defendants' intentional intrusion into Plaintiffs' reasonable expectations of privacy are intrusions that are highly offensive to a reasonable person, as no honest, hard-working person deserves to be treated with such abuse, harassment, and disrespect.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants jointly and severally, and Plaintiffs be awarded damages as follows:

**With respect to the First Cause of Action (on behalf of both Plaintiffs):**

- An award of statutory damages of $1,000.00 to each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of actual damages of $150,000.00 to each Plaintiff for emotional distress and mental anguish, or as the jury may award, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**With respect to the Second Cause of Action (on behalf of Plaintiff SUNNY only):**

- Actual damages in the amount of $150,000.00, or as the jury may allow, for Defendants' willful violations of the Federal Fair Credit Reporting Act,

22

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    pursuant to 15 U.S.C. § 1681n(a)(1);

2    •    Such punitive damages as the court may allow pursuant to 15 U.S.C. §

3    1681n(a)(2);

4    •    Actual damages in the amount of $150,000.00, or as the jury may allow,

5    for Defendants' negligent violations of the Federal Fair Credit Reporting

6    Act, pursuant to 15 U.S.C. § 1681o(a)(1);

7    •    Injunctive relief to prohibit Defendant from engaging in future violations

8    and to delete the inquiry already conducted;

9    •    Any reasonable attorney's fees and costs to maintain the instant action,

10    pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

11   **With respect to the Third Cause of Action (on behalf of both Plaintiffs):**

12   •    For compensatory damages in the amount of $150,000.00 for each Plaintiff, or as

13   the jury may allow, pursuant to California Civil Code § 3333;

14   •    Attorneys' fees pursuant to Calif. Code Civil Procedure § 1021.5;

15   •    Punitive damages to be determined at trial, for the sake of example and punishing

16   Defendants, pursuant to Calif. Civ. Code § 3294(a).

17   **With respect to the Fourth Cause of Action (on behalf of both Plaintiffs):**

18   •    For compensatory damages in the amount of $150,000.00 for each Plaintiff, or as

19   the jury may allow, pursuant to California Civil Code § 3333;

20   •    Attorneys' fees pursuant to Calif. Code Civil Procedure § 1021.5;

21

23

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    • Punitive damages to be determined at trial, for the sake of example and punishing

2    Defendants, pursuant to Calif. Civ. Code § 3294(a).

3    Pursuant to the seventh amendment to the Constitution of the United States of

4  America, Plaintiff is entitled to, and hereby demands, a trial by jury.

5  Dated: 2-9-16                              Respectfully submitted,

6                                             SEMNAR & HARTMAN, LLP

7                                  By:   /s/ Jared M. Hartman_____
                                         Jared M. Hartman, Esq.
8                                        Attorneys for Plaintiffs,
                                         RON & SUNNY MCGOWAN

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**